UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF INTERIOR 1849 C Street, NW Washington, DC 20240<br><br>*Defendant.* | Civil Action No. 18-cv-61<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of Interior ("DOI" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On October 3, 2017, Plaintiff sent a FOIA request via U.S. mail, fax, and electronic mail to Defendant seeking (1) any communications to or from Secretary Zinke and the Interior Office of the Secretary ("IOS") concerning a working demonstration ranch or other change in use or management of Channel Islands National Park ("CHIS"); and (2) a record of appointments of meetings or phone calls Secretary Zinke or IOS has had

with members or representatives of the families (Vail and Vickers) who used to run commercial ranching and hunting operations on CHIS.

4. PEER seeks these documents in response to Secretary Zinke's desire to bring a "working demonstration ranch" back to CHIS in order to "highlight the island's ranching heritage," which he expressed on an April 18, 2017 tour of Santa Rosa Island, according to a contemporaneous note from the CHIS park superintendent. Such a demonstration ranch would return nonnative cattle, which had been removed from CHIS in 1998, that would likely harm existing rare wildlife and plant life in CHIS. The public would be concerned about any potential changes to the ecological integrity of its national parks, as well as any efforts to compromise or undermine the substantial investment by the NPS of tax dollars to remove exotic species from CHIS.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

7. To date, Defendant has failed to make a determination concerning compliance or to produce any records in response to Plaintiff's October 3, 2017 FOIA request, Case Number OS-2018-00012.

8. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. The DOI is frustrating Plaintiff's efforts to educate the public about how DOI may change the use or management of CHIS. Further, the public has a keen interest in preventing commercial operations from receiving public subsidies, especially when those businesses, such as a demonstration ranch, may be antithetical to the mission of the National Park System.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs. *See also* 43 C.F.R. § 2.19(c).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

13. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, DOI, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENTS OF FACT

18. On April 18, 2017, while touring Santa Rosa Island, Secretary Zinke expressed a desire to bring a "working demonstration ranch" back to CHIS to "highlight the island's ranching heritage," according to contemporaneous notes kept by the CHIS superintendent.

19. During the April 18, 2017 CHIS tour, Secretary Zinke was accompanied by Nita Vail, his political supporter and fundraiser. Vail is the direct descendant of a rancher who established the Vail & Vickers ranch on Santa Rosa Island in the early 1900s. The Vail & Vickers ranch conducted commercial ranching and hunting operations until sued for crucial habitat degradation, and closed these operations as part of its settlement of that suit in 1998 and 2011 respectively. *See* Juliet Eilperin, *A sudden change in Ryan Zinke's travel plans cost taxpayers nearly $2,000, documents show*, WASH. POST, Dec. 11, 2017, https://www.washingtonpost.com/news/energy-environment/wp/2017/12/11/a-sudden-change-in-ryan-zinkes-travel-plans-cost-taxpayers-nearly-2000-documents-show/.

20. The ecology of the Channel Islands includes a unique and wide diversity of plants and animals. In recent years, the National Park Service has undertaken a major effort to preserve and protect these native resources. This includes removing thousands of nonnative animals such as cattle, pigs, and sheep in an effort to eliminate invasive species on the islands.

21. As a result of concern that DOI leadership is considering or may be planning to provide public subsidies for commercial businesses in CHIS, which could damage the ecological integrity of CHIS, PEER submitted a FOIA request on October 3, 2017 to gain more information about any such consideration or efforts. Specifically, PEER requested:

    a. *Any communications to or from Secretary Zinke and the Interior Office of the Secretary (IOS) concerning a demonstration ranch or other change in use or management of any unit of CHIS; and*

  b. *A record of appointments of meetings or phone calls he or IOS has had with members of or representatives of the families (Vail and Vickers) who used to run commercial ranching and hunting operations on CHIS."*

22. On November 20, 2017, Defendant acknowledged that it had received Plaintiff's FOIA request on October 3, 2017.

23. In its response to Plaintiff's FOIA request, Defendant extended its deadline by ten working days. Defendant indicated that it will require this extension because it will "need to search for and collect requested records from field facilities or other establishments that are separate from the office processing the request".

24. On January 9, 2018, Plaintiff contacted the Acting FOIA Officer of the Office of the Secretary to inquire about when production should be expected. As of the date of this filing, Plaintiff has received no response.

25. Pursuant to 5 U.S.C. § 552(a)(6)(A)-(B), Defendant had twenty working days from the date of receipt to respond, or assert the need for a ten day extension. *See also* 43 C.F.R. § 2.16, 2.19.

26. Twenty working days from October 3, 2017 (the date of Plaintiff's request and the date of receipt by Defendant) was October 31, 2017. Ten working days after the basic time limit was November 14, 2017.

27. As of this January 11, 2018 filing, Plaintiff has received neither a determination on its October 3, 2017 FOIA request nor has it received any responsive records.

28. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its October 3, 2017 FOIA request, PEER now turns to this

Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

29. Plaintiff incorporates the allegations in the preceding paragraphs.

30. Defendant's failure to disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of Interior's regulations promulgated thereunder, 43 C.F.R. § 2.1 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on January 11, 2018,

   /s/Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstien@peer.org

*Counsel for Plaintiff*